UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRISTAN SCORPIO,

    Plaintiff,

v.                                                                               CASE NO. 3:11-cv-972-J-34JBT

SOUTHERN CAREER COLLEGE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency and Application to Proceed *In Forma Pauperis* ("the Application") (Doc. 2). For the reasons set forth herein, it is respectfully **RECOMMENDED** that the Application be **DENIED** and the case be **DISMISSED without prejudice**.[2]

In short, despite the Court giving Plaintiff an opportunity to replead and instructing him on the requirements of a proper complaint (Doc. 5), Plaintiff's one-page, handwritten Amended Complaint, which alleges "[f]raudulent misrepresentation" in relation to Plaintiff's enrollment at Southern Career College (Doc. 6), fails to meet the minimum pleading requirements even for *pro se* litigants. Moreover, the Amended

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] Because the Court's recommendation is based, in part, on lack of federal jurisdiction, the Court wishes to avoid having res judicata bar Plaintiff from possibly litigating this claim against Defendant in state court under potentially different pleading standards. Accordingly, the Court is recommending that the case be dismissed without prejudice.

Complaint fails to allege any basis whatsoever for federal jurisdiction. Accordingly, this case is due to be dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

## I. The Complaint

The Amended Complaint, which is the operative complaint, is brief enough that the Court can quote all of the material allegations contained therein. It reads:

> . . . Complaint - Fraudulent misrepresentation
> 1. Federal Court Middle District
> 2. July 28, 2011, Southern Career College[,] 9550 Regency Square Blvd, Suite 1100 (11th Floor) Jacksonville, FL 32225
>    False statements regarding: Course Education, Career Services, important financial Aid obligations
> 3. False or Untrue Statements:
>    A. Computer School provides to students at $1,000 USD holds all books and software for classes. In Reality, the computer does not have any book or software for classes.
>    B. Financial Aid process [and] financial responsibilities
> 4. SCC School president: Mr. Don Slayter & Mrs. Gladys Slayter Financial Aid process, Release of Important Documents [for] financial Aid
> 5. SCC made it seem as if the education matched the $33,000 USD price tag. That the school is leader in the industry for prep[p]ing students for successful careers. In actuality[,] the school is 100% for profit, not concerned with students['] Education[.]
> 6. Damages: For Pain and Suffering Plus loss of time and Education: $33,000 USD

(Doc. 6.)

## II. Background

On September 28, 2011, Plaintiff, who is proceeding *pro se*, filed a document titled, "Fraud and Deceit," along with over one hundred pages of exhibits ("the Original Complaint") (Doc. 1), and the Application (Doc. 2). In its Order of October 19, 2011,

2

because the Original Complaint was not a proper complaint and because Plaintiff's Affidavit of Indigency was unclear, the Court took the Application under advisement and ordered Plaintiff to file a proper complaint and to complete and submit a supplemental affidavit of indigency on or before November 8, 2011. (Doc. 5.) The Court instructed Plaintiff on some of the general requirements of a proper complaint, including that it must allege the grounds for the Court's jurisdiction. (*Id.* at 1.) The Court also instructed Plaintiff that "a party alleging fraud must state with particularity the circumstances constituting the fraud." (*Id.* at 2 (citing FED. R. CIV. P. 9(b).) The Court warned Plaintiff that failure to file a proper complaint might result in a recommendation that the District Judge dismiss this case for failure to state a claim on which relief may be granted, lack of jurisdiction, and/or want of prosecution. (*Id.*) On November 7, 2011, Plaintiff filed the Amended Complaint (Doc. 6) and a supplemental affidavit of indigency (Doc. 7).

## III. Analysis

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that Plaintiff has sufficiently demonstrated that he meets the financial criteria to proceed *in forma pauperis*, when such an application is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

With respect to whether a complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure; therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). When considering whether to grant a motion to dismiss for failure to state a claim on which relief may be granted, the facts alleged in the complaint must be accepted as true and must be viewed in the light most favorable to the plaintiff. *Behrens v. Regier*, 422 F.3d 1255, 1256-57 (11th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'Labels and conclusions' or '"a formulaic recitation of the elements of a cause of action"' that amount to '"naked assertion[s]"' will not do. *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Moreover, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation marks and citations omitted).

Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Further, courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by

4

Fed.R.Civ.P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

Because the Amended Complaint alleges fraudulent misrepresentation, Rule 9(b) of the Federal Rules of Civil Procedure applies. That Rule requires that a party alleging fraud "must state with particularity the circumstances" constituting the fraud. FED. R. CIV. P. 9(b). This heightened pleading requirement "'serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted). Moreover, it applies to allegations of fraud brought by *pro se* litigants. *See, e.g.*, *Merritt v. Lake Jovita Homeowner's Ass'n, Inc.*, 358 F. App'x 47 (11th Cir. 2009); *Rogers v. Nacchio*, 241 F. App'x 602 (11th Cir. 2007).

In order to satisfy Rule 9(b), a complaint alleging fraud must set forth:

> "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba*, 256 F.3d at 1202 (citation omitted).

The Amended Complaint does not satisfy this standard. Although it is clear Plaintiff feels he was misled in certain regards by the employees/agents of Southern Career College (*see e.g.*, Doc. 6 ("Computer School provides to students at $1,000 USD holds all books and software for classes. In Reality, the computer does not have any book or software for classes.")), the Amended Complaint does not state precisely what statements were made in what documents or oral representations or what omissions were made. It also does not allege the time and place of the allegedly fraudulent statements or the individual who made the statements. For instance, while it names "Mr. Don Slayter & Mrs. Gladys Slayter" (*id.*), it does not indicate what allegedly fraudulent statements were made by these individuals, if any.

Moreover, the Amended Complaint fails to allege any valid federal jurisdictional basis. Plaintiff was given an opportunity to replead and file a proper complaint, but, as discussed above, the Amended Complaint fails to meet the minimum pleading requirements. Accordingly, it is recommended that the case be dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

Upon consideration of the foregoing, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED**.
2. The case be **DISMISSED without prejudice**.

**DONE AND ENTERED** at Jacksonville, Florida, on November 21, 2011.

*[signature]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:  The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiff